IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG,
#Y40172,

        Plaintiff,

v.

VANDALIA OFFICIALS,

        Defendants.

Case No. 20-cv-00225-RJD

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Donald Henneberg brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while incarcerated at Vandalia Correctional Center ("Vandalia"). Henneberg claims that correctional officers failed to protect him from assault by other inmates and that he was then provided inadequate medical treatment for his injuries. He requests monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] At the time of filing, Henneberg was incarcerated, and thus subject to the Prison Litigation Reform Act, 42 U..S.C. § 1997e. See 28 U.S.C. §1915A(c). Furthermore, the Court has jurisdiction to screen Henneberg's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

## THE COMPLAINT

Henneberg alleges that while at Vandalia he was assaulted by a number of other inmates on January 11, 2020, causing severe head and back trauma. (Doc. 1, p. 6). Prior to the assault, he had informed a correctional officer that inmates were stealing from him and threatening him. Henneberg asked to file a complaint or to be moved for his safety. The officer just shrugged his shoulders and failed to act. After seeing Henneberg talking to the officer, the inmates attacked him, punching and kicking his head and back. Correctional officers did not stop the attack, which lasted around fifteen minutes. Following the attack, Henneberg was not seen by a doctor for a week. He was diagnosed with a concussion and back injury. Because of the attack, he becomes dizzy and lightheaded, he has a difficult time standing because he loses his balance at times, and he is still experiencing back pain. (*Id.*). Although his injuries persisted, he was not provided further medical care. (*Id.* at p. 7).

## DISCUSSION

The Court finds that the Complaint, as currently drafted, fails to state a claim and must be dismissed. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what each named defendant did, or failed to do, that violated the plaintiff's constitutional rights. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555; FED. R. CIV. P. 8(a)(2). Furthermore, to be treated as a defendant, the party must be specified in the case caption. S*ee Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

Here, Henneberg lists "Vandalia Officials," who he describes as prison officers and medical staff, as the defendants in the Complaint. But by merely asserting that a group of staff violated his constitutional rights, Henneberg has not met the pleading standards of Rule 8 of the Federal Rules of Civil Procedure requiring a short, plain statement of the case against each individual defendant. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Furthermore, this group identified as "Vandalia Officials" is not mentioned specifically in the statement of claim. Rather, Henneberg describes the conduct of a John Doe Officer, two separate groups of officers, and one doctor who diagnosed his injuries. While he may use the "John Doe" designation to refer to parties whose names are unknown, Henneberg must refer to each defendant individually in the case caption and throughout the Complaint. Because the Complaint does not sufficiently list the defendants in the case caption and then describe those defendants and their conduct in the Complaint, the Complaint is dismissed without prejudice.

Henneberg, however, will have an opportunity to replead his claims in a First Amended Complaint if he wishes to proceed any further with this action. When

preparing a First Amended Complaint, Henneberg should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights. If Henneberg does not know the name of an individual defendant, he can refer to them by John Doe designation, for example John Doe 1 did X and John Doe 2 did Y. The John Doe designation should refer to a *single* individual.

### DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons provided, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Henneberg is **GRANTED** leave to file a "First Amended Complaint" on or before **January 5, 2021**. Should Henneberg fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Henneberg use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00225-RJD). To enable Henneberg to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint,

rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Henneberg must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Henneberg is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Henneberg is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   December 8, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**