IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, #Y40172, <br><br> Plaintiff, <br><br> v. <br><br> VANDALIA OFFICIALS, and JOHN DOE, <br><br> Defendants. | Case No. 20-cv-00225-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Donald Henneberg brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while incarcerated at Vandalia Correctional Center ("Vandalia"). Henneberg claims that a correctional officer failed to protect him from assault by other inmates. He requests monetary damages.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of a pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] At the time of filing, Henneberg was incarcerated, and thus subject to the Prison Litigation Reform Act, 42 U..S.C. § 1997e. See 28 U.S.C. §1915A(c). Furthermore, the Court has jurisdiction to screen Henneberg's First Amended Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

## THE FIRST AMENDED COMPLAINT

Henneberg alleges that while at Vandalia he was assaulted by a number of other inmates on January 11, 2020, causing severe head and back trauma. (Doc. 16, p. 6). Prior to the assault, Henneberg had informed Correctional Officer John Doe that inmates were stealing from him and threatening his life. Henneberg asked John Doe to file a complaint or if he could be separated from the other inmates for his safety. John Doe failed to take any action to provide Henneberg protection.

## PRELIMINARY DISMISSAL

Henneberg lists Vandalia Officials as Defendants but asserts no claims against them in the body of the First Amended Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Vandalia Officials are dismissed without prejudice.

## DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following count:

    **Count 1:**    Eighth Amendment claim against John Doe for failing to protect Henneberg from physical assault by other inmates.

**Any other claim that is mentioned in the First Amended Complaint but not addressed**

**in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

Henneberg's allegations are sufficient to articulate a colorable Eighth Amendment claim. *See Santiago v. Walls,* 599 F. 3d 749, 756 (7th Cir. 2010) (discussing the elements of a failure to protect claim). Count 1 will proceed against Correctional Officer John Doe.

This defendant must be identified with particularity, however, before service of the First Amended Complaint can be made. In that vein, Angela Locke, Warden of Vandalia, will be added a party in this action, in her official capacity only, and shall be responsible for responding to discovery aimed at identifying this unknown defendant. Once Warden Locke is served and has entered her appearance, the Court will enter a scheduling order setting guidelines for discovery. Henneberg will then have the opportunity to engage in limited discovery to ascertain John Doe's identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of this individual is discovered, Henneberg shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons provided, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **Count 1** will proceed against John Doe. All claims against Vandalia Officials are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants on the docket. The Clerk is further **DIRECTED** to **ADD** to the docket the Warden of Vandalia

---

[2] *See Twombly,* 550 U.S. at 570.

Correctional Center, Angela Locke, as a defendant in her official capacity only.

The Clerk of Court shall prepare for **Locke** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**Locke need not answer or otherwise respond to the First Amended Complaint as she is only in this case for the purpose of identifying the John Doe defendant. She must only enter her appearance and will receive further instructions on discovery at a later date.**

Service shall not be made on the unknown defendant, **John Doe** correctional officer, until such time as Henneberg has identified him or her by name in a properly filed motion for substitution. Henneberg is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

**Pursuant to Administrative Order No. 244, Defendant John Doe, once identified, need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Henneberg, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis*

was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Henneberg is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:    November 22, 2021

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.